JUDGE RAKOFF

**13 CIV 3999**

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH
155 East 56th Street
New York, New York 10022
T: (646) 704-4900
F: (646) 308-1178

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| RIKKI REICH,<br><br>    *Plaintiff,*<br><br>v.<br><br>NIELSEN BUSINESS MEDIA, INC., d/b/a "PHOTO DISTRICT NEWS"; MONROE GALLERY OF PHOTOGRAPHY LLC; and SIDNEY MONROE;<br><br>    *Defendants.* | Case No.:<br><br>**COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiff RIKKI REICH, by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby demands a trial by jury of all claims and issues so triable and for her Complaint against Defendants NIELSEN BUSINESS MEDIA, INC., d/b/a "PHOTO DISTRICT NEWS"; MONROE GALLERY OF PHOTOGRAPHY LLC; and SIDNEY MONROE states the following.

1

## JURISDICTION AND VENUE

1. This is an action for copyright infringement and related claims brought by Plaintiff Rikki Reich ("Reich" or "Plaintiff") against Defendants Nielsen Business Media, doing business as Photo District News ("PDN"), Monroe Gallery of Photography LLC ("Monroe Gallery") and Sidney Monroe ("Monroe").

2. Defendant PDN is a Delaware corporation with its principle place of business at 770 Broadway, New York, New York 10003.

3. Defendant Monroe Gallery is a New Mexico limited liability company with its principle place of business at 112 Don Gaspar, Santa Fe, New Mexico 87501.

4. Defendant Sidney Monroe is a resident of the state of New Mexico.

5. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights); and 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendants resides or may be found in this District. Further, PDN conducts substantial business in this District, PDN is subject to personal jurisdiction in the State of New York, and all Defendants infringed Plaintiff's copyrights in the State of New York and this District.

## FACTUAL ALLEGATIONS

7. Plaintiff is a professional photographer who makes her living taking and licensing photographs.

8. Plaintiff created and owns copyrights in the iconic *Voice of Silence* Series of photographs.

9. The *Voice of Silence* Series captured, from a unique perspective, the tragic events of September 11, 2001 in lower Manhattan as they unfolded.

10. Prior to the events that gave rise to this litigation, the *Voice of Silence* photographs had never appeared in print anywhere in the world.

11. Defendant PDN published one of the *Voice of Silence* photographs in its July 2012 issue, illustrating a story entitled "What Galleries Want."

12. Defendant PDN published the subject photograph without asking or obtaining permission from Plaintiff.

13. PDN's story indicated that Plaintiff's photograph was "courtesy of" Defendant Monroe Gallery.

14. Upon information and belief, PDN obtained the photograph from Defendants Sindey Monroe and Monroe Gallery, who obtained the photograph from Plaintiff for an unrelated, narrow use authorized by Plaintiff.

15. Defendants each were aware at the time PDN published the subject photograph that the *Voice of Silence* photographs had never appeared in print anywhere in the world.

16. Notwithstanding this fact, none of the Defendants informed Plaintiff of their intention to publish her photographs, let alone asked or received her permission to do so.

17.

18. As further indication that PDN lacked a license to publish Plaintiff's photo, the photograph that appeared in Defendant PDN's magazine still included Plaintiff's watermark.

19.

20. Upon discovering Defendants' unauthorized use of her photograph, Plaintiff immediately instructed Defendant PDN to cease and desist its unauthorized copying and displaying of her work.

21. Notwithstanding its representation that it would desist, Defendant PDN continues to display the subject photograph on its website to this day.

## COUNT I
### (COPYRIGHT INFRINGEMENT — AGAINST ALL DEFENDANTS)

22. Plaintiff repeats and re-alleges each allegation set forth in the prior paragraphs as if set forth fully herein.

23. Defendants infringed Plaintiff's exclusive rights in and to her creative works.

24. Defendants' conduct as alleged herein constitutes copyright infringement.

25. Defendants misappropriated and made unauthorized uses of Plaintiff's intellectual property for their own profit, including by copying and reproducing Plaintiff's creative work in the infringing publication identified herein.

26. Defendants benefitted financially from their infringing uses of Plaintiff's creative work.

27. Defendants' conduct was intentional, willful, reckless, and/or malicious.

28. Defendants' unauthorized and infringing conduct caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

29. Plaintiff seeks all damages recoverable under any applicable agreements and/or

under the Copyright Act, including statutory or actual damages and Defendants' profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment and for the following relief on its behalf and on behalf of the proposed class:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, advertising, promoting, selling or offering to sell plaintiff's photographs or creating, obtaining and using substantially similar photographs in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing Plaintiff's photographs in the control or possession of Defendants;

2. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, and Defendants' profits attributable to infringement and damages suffered as a result of the lack of credit and attribution;

3. All damages allowed under any applicable contracts or agreements;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. All allowable damages caused by and/or resulting from Defendants' violation and infringement of Plaintiff's rights in and to this creative visual works;

6. Any other relief authorized by law, including punitive and/or exemplary damages; and

7. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated June 11, 2013
New York, New York.

                Respectfully submitted,

                NELSON & McCULLOCH LLP

By: _____
                Danial A. Nelson (DN4940)
                Kevin P. McCulloch (KM0530)
                155 East 56th Street
                New York, New York 10022
                T: (646) 704-4900
                F: (646) 308-1178

                dnelson@nelsonmcculloch.com
                kmcculloch@nelsonmcculloch.com

                *Attorneys for Plaintiff*